ELLA C. ZEIGRIST, widow of WILLIAM ZEIGRIST, deceased, *vs.*
JACOB F. SPEER, trading under the firm name of G. I. SPEER.

1. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTIONS FOR JURY.

In law action for alleged negligent death of servant by falling from scaffold defectively fastened, erected of old lumber, and not properly supported, the case could not go to the jury where there is no evidence that the collapse of the scaffold was due to any of the defects alleged.

2. TRIAL—CONDUCT OF TRIAL—TAKING CASE FROM JURY.

While the court will always hesitate to take a case from the jury, nevertheless, when in its judgment plaintiff has failed to produce sufficient evidence to warrant the jury in finding in her favor, it is its duty so to do.

3. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTIONS FOR JURY.

In an action for alleged negligent death of servant, in the absence of evidence tending to prove or from which the jury could infer any negligence on the part of the master, the case should be taken from the jury.

(*February* 2, 1917.)

PENNEWILL, C. J., and HEISEL, J., sitting.

*Harry Reiss Axelroth* (of the Philadelphia Bar) and *Reuben Satterthwaite, Jr.*, for plaintiff.

*William T. Lynam*, for defend nt.

Superior Court, New Castle County, January Term, 1917.

ALIAS SUMMONS CASE, for Negligence, No. 2, May Term, 1914.

ACTION by Ella C. Zeigrist, widow of William Zeigrist, deceased, against Jacob F. Speer, trading under the firm name of G. I. Speer. On defendant's motion for nonsuit. Motion granted, and verdict directed for defendant.

The plaintiff sued to recover damages from the defendant for the death of her husband caused by the collapse of a scaffold upon which her husband was working as a slater in the employ of the defendant.

Upon the completion of plaintiff's case, counsel for defendant moved for a nonsuit.

The facts in the case, as well as the ground upon which the motion was based, appear in the following opinion of the court:

HEISEL, J., delivering the opinion of the court:

The right of the plaintiff to recover in this case is based upon

the negligence of the defendant, that is, the failure of the defendant to perform some duty he owed to the decedent.

The *narr.* alleges that the decedent was employed by defendant and was injured by reason of the breaking of a scaffold from which he was doing his work, and that said scaffold broke or gave way, (1) because it was defectively fastened and secured with defective and insufficient nails, fasteners, etc.; (2) because it was erected with decayed, weatherbeaten, old and knotty lumber; (3) and (4) because it was not supported with adequate supports, outlookers and braces.

The testimony produced on the part of plaintiff showed how the scaffold was erected and that it was insufficient for the purposes to which it was put, and that it collapsed, but there was no evidence given as to the cause of the collapse, or in what respect it was insufficient.

The testimony further showed that the decedent had been a slate roofer for over twenty years, that the universal rule of his trade was for the workmen to construct their own scaffold upon which to work, out of such material, fit for that purpose, as they could find around the job; or if a scaffold had been already erected by other workmen on the same job, to examine it, and if found sufficient for their purpose, to use it; otherwise, to strengthen it, or if necessary, take it down and erect another that would be sufficient for their purpose. That on the morning of the accident the defendant, by whom decedent was employed, directed decedent and two other men employed as roofers to go from the shop of defendant to Twenty-seventh and Moore streets, in the city of Wilmington, to do the slate work on certain houses being erected there. The defendant did not accompany them to the houses. Upon their arrival at the place where the work was to be done, they found a scaffold from which they could do their work already erected by other workmen, not in the employ of the defendant. Decedent was requested by one of his fellow workmen to examine the scaffold to ascertain if it was sufficient for their purposes. The evidence does not disclose whether or not decedent did, in fact, examine the scaffold, but does show that decedent left them and, about ten minutes afterwards, all of them began to put the

materials to be used by them upon the scaffold and started to work. After they had been working about one hour the scaffold gave way, throwing them all to the ground and so injuring decedent that he died within three days.

After careful consideration, we feel that the motion for a nonsuit should be granted for two reasons:

[1] *First*, there is no evidence to submit to the jury from which it could infer that the scaffold collapsed for any of the causes alleged in the *narr.*, and

[2, 3] *Second*, we find no evidence which tends to prove, or from which the jury could infer, any negligence on the part of defendant. While the court will always hesitate to take a case away from the jury, nevertheless, when in their judgment plaintiff has failed to produce sufficient evidence to warrant the jury in finding in her favor, it is their duty so to do.

For the reasons stated, we grant the motion and order a nonsuit entered.

MR. SATTERTHWAITE: If your Honors please, we refuse to accept a nonsuit.

HEISEL, J., charging the jury: For the reasons stated, we direct you to return a verdict for the defendant.

Verdict for defendant.